# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ARMOURSOURCE, LLC,**

    **Plaintiff,**

    v.                                              Case No. 2:18-cv-905
                                                   Judge George C. Smith
                                                   Magistrate Judge Chelsey M. Vascura

**YOAV KAPAH,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

Plaintiff, Armoursource, LLC, filed this action against Defendants, alleging that Defendants conspired over period of many years to defraud Plaintiff through a series of illicit schemes designed to steal its funds. When Defendant Chad Postell failed to timely answer or otherwise respond to Plaintiff's Complaint, Plaintiff applied for and obtained an Entry of the Default from the Clerk's office. (ECF Nos. 46, 61, 62.) This matter is before this Court for consideration of the Defendant Postell's Motion to Vacate Entry of Default and for Leave to File His Answer Instanter (ECF No. 69), Plaintiff's Memorandum in Opposition (ECF No. 79), and Defendant Postell's Reply (ECF No. 85). For the reasons that follow, Defendant Postell's Motion (ECF No. 69) is **GRANTED**, and the Clerk is **DIRECTED** to **VACATE** the Entry of Default (ECF No. 62) and file Defendant Postell's Answer, attached to the Motion as Exhibit One (ECF No. 69-1.)

### I.

Plaintiff filed this action on August 18, 2018. (ECF No. 1.) On December 3, 2018, after Plaintiff failed to timely effect service within the 90-day period contemplated in Federal Rule of

Civil Procedure 4(m), the Court ordered Plaintiff to show cause why the Court should not dismiss Defendant Postell and its John Doe Defendants without prejudice for failure to timely effect service. (Dec. 3, 2019 Show Cause Order, ECF No. 42.) On December 17, 2018, Plaintiff filed its response to the Show Cause Order, indicating that it had effected service over Defendant Postell on December 7, 2018, and requesting an extension of time to effect service over its Doe Defendants. (ECF No. 15.) The Court granted Plaintiff its requested extension of time in which to identify and serve its John Doe Defendants (ECF No. 56.) And although Plaintiff failed to move for and obtain an extension of time in which to serve Defendant Postell (given that it did not effect service over him until almost a month after Rule 4(m)'s deadline), the Clerk overlooked this deficiency and processed Plaintiff's application for entry of default, entering default against Defendant Postell on January 9, 2019 (ECF NO. 62). Less than two weeks later, on January 22, 2019, Defendant Postell filed the subject Motion to Vacate Entry of Default and for Leave to File His Answer Instanter. (ECF No. 69.)

In his Motion to Vacate, Defendant Postell asks the Court to set aside the Entry of Default and direct the clerk to file the Answer he attaches instanter. In this Motion, Defendant Postell acknowledges that he was served on December 7, 2018, and that he timely failed to answer Plaintiff's Complaint. He attaches his Declaration in which he represents that based upon his involvement in another lawsuit, he mistakenly believed he had 60 days from the date he was served to answer or otherwise plead. Defendant Postell asserts that Plaintiff will not suffer prejudice should the Court grant the relief he requests because such relief would neither result in any loss of evidence, nor increase the difficulty of discovery. He further asserts that he has meritorious defenses to Plaintiff's claims and summarizes his defenses to each of the claims

2

Plaintiff has advanced against him.

In its Memorandum in Opposition, Plaintiff asserts that Defendant Postell has "evaded service for months." (ECF No. 79 at PAGEID # 1205.) In support of this assertion, Plaintiff attaches the Declaration of its counsel, Jason J. Blake, in which Mr. Blake represents that he sent the Complaint, Notice of a Lawsuit and Request to Waive Service of a Summons, and Waiver of the Service of Summons to Defendant Postell via certified mail to his home address on August 21, 2018, and that he sent another copy of these documents via ordinary mail on September 20, 2018, but that the certified mail was marked as unclaimed, and Defendant Postell did not respond following being sent the documents via ordinary mail. (Blake Decl. ¶¶ 2-4, ECF No. 79-1.) Plaintiff states that it has been prejudiced by Defendant Postell's avoidance of service "because the case could not get underway until he was served." (ECF No. 79 at PAGEID # 1208.) Finally, Plaintiff maintains that Defendant Postell does not have meritorious defenses.

In his Reply, Defendant Postell represents that he has not been evading service, that he does not have a recollection of receiving the Complaint or Summons prior to being served on December 6, 2018, and acknowledges that it is possible that his daughter, who lives with him, could have intercepted an earlier mail delivery. He also vigorously disputes Plaintiff's generic assertions of prejudice and its contention that he has no meritorious defenses.

**II.**

Federal Rule of Civil Procedure 55 provides that courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether the movant has sufficiently established good cause, the United States Court of Appeals for the Sixth Circuit instructs that courts must "assess 'whether (1) the default was willful, (2) a set-aside would prejudice the

plaintiff, and (3) the alleged defense was meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)).

Although Rule 55(c) vests trial courts with discretion, this Court recognizes that "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. Therefore, "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 846 (internal quotation marks and citations omitted); *see also Dassault Systemes*, 663 F.3d at 841 (quoting *INVST Fin. Grp., Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (noting that in conducting reviews of denials of motions to set aside entries of default, the Sixth Circuit construes "'all ambiguous or disputed facts in the light most favorable to the defendant,' resolving any doubts in [its] favor" given its "general preference for judgments on the merits").

## III.

Applying the foregoing considerations, the Court finds that good cause exists to set aside the Entry of Default. Significantly, Plaintiff will not be prejudiced should the Court vacate the Entry of Default. *See United Coin Meter Co.*, 705 F.2d at 842 (noting that delay alone is sufficient to prove prejudice, and there must be some "future prejudice that will result from reopening the judgment"). Plaintiff suggests that Defendant Postell is responsible for slowing down the progress of this case, yet it is Plaintiff who failed to timely effect service over Defendant Postell, and to date, has not identified and served its John Doe Defendants. Moreover, Defendant Postell's counsel entered an appearance and filed the subject Motion to

4

Vacate *prior* to this Court's scheduling conference and appeared at the scheduling conference.

In addition, though the Court declines to evaluate at this juncture whether the defenses Defendant Postell has advanced will be successful, he has asserted several potentially viable defenses. *See id.* at 845 ("[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced."). These factors, therefore, weigh in favor of vacating the Entry of Default.

Consideration of the remaining factor—whether the default was willful—does not persuade the Court that a different outcome is warranted, especially in view of the well-settled policy in favor of deciding cases on their merits. *See, e.g.*, *Thacker v. City of Columbus*, 328 F.3d 244, 252 (6th Cir. 2003). Within the context of considering whether to vacate an entry of default, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). Plaintiff's suggestion that Defendant Postell acted in bad faith in evading service fails to persuade the Court to reach a different result in view of (1) Defendant Postell's representations to the contrary, and (2) neither of Plaintiff's counsel's attempts to serve Defendant Postell prior to December 7, 2018, satisfied the requirements of either Federal Rule of Civil Procedure 4 or the applicable state laws for effectuating service. Specifically, Rule 4(e)(2) does not permit service via mailing. *See* Fed. R. Civ. P. 4(e)(2); *Siddhar v. Sivanesan*, No. 2:13-cv-747, 2013 WL 6504667, at * 2–3 (S.D. Ohio Dec. 11, 2013) (finding that "federal law does not ordinarily allow for service by certified mail"). Rule 4 does permit a party to effect service pursuant to the laws of the state where the district court is located. Fed. R. Civ. P. 4(e)(1).

Nevertheless, although Ohio law contemplates service of process through certified mail, such mailing must be completed through the Clerk, not through Plaintiff's counsel as was attempted here. Ohio Civ. R. 4.1; *see also* S.D. Ohio Loc. Civ. R. 4.2 (outlining the procedure for completing Ohio certified mail service in this Court).

In summary, consideration of the three factors within the context of this action persuades the Court that good cause as contemplated under Rule 55(c) exists to set aside the Entry of Default.

**IV.**

For the reasons set forth above, Defendant Postell's Motion to Vacate Entry of Default and for Leave to File His Answer Instanter (ECF No. 69) is **GRANTED**. Accordingly, the Clerk is **DIRECTED** to **VACATE** the Entry of Default (ECF No. 62) and file Defendant Postell's Answer, attached to the Motion as Exhibit One (ECF No. 69-1.)

**IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE