# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ARMORSOURCE LLC,**

    **Plaintiff,**

  v.                                      **Case No. 2:18-cv-905**
                                              **JUDGE GEORGE C. SMITH**
                                              **Magistrate Judge Vascura**

**YOAV KAPAH,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon Defendant Yoav Kapah's Motion to Stay Pending Disposition of Criminal Charges (Doc. 24) ("Kapah's Motion to Stay") and Plaintiff ArmorSource LLC's Motion for Default Judgment against Defendant Ramona Sockerson (Doc. 66) ("ArmorSource's Motion for Default Judgment. Both motions are ripe for disposition. For the following reasons, Kapah's Motion to Stay is **GRANTED IN PART** and ArmorSource's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**.

### I.    KAPAH'S MOTION TO STAY

ArmorSource commenced this action on August 17, 2018. (Doc. 1, Compl.). In its Amended Complaint, filed November 12, 2018, ArmorSource alleges that Defendant Yoav Kapah, in his capacity as ArmorSource's President and CEO, conspired with the other nine defendants to defraud ArmorSource through various kickback arrangements with ArmorSource's vendors. (Doc. 31, Am. Compl.). ArmorSource also pursued criminal charges against Kapah in the Court of Common Pleas for Licking County, Ohio, relating to the same conduct complained of in this

action. (Doc. 24-1, Bill of Particulars). Kapah answered the original Complaint and the Amended Complaint (Docs. 23, 32); however, he requests that all further proceedings in this action be stayed pending the outcome of the criminal proceedings to preserve his Fifth Amendment right against self-incrimination. (Doc. 24, Kapah's Mot. at 2).

The Sixth Circuit has stated that "nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment," and "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming,* 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) and *S.E.C. v. Novaferon Labs, Inc.,* No. 91–3102, 941 F.2d 1210, 1991 WL 158757, at *2 (6th Cir. Aug. 14, 1991)). "As a result, district courts have 'broad discretion in determining whether to stay a civil action while a criminal action is pending or impending.'" *Id.* (quoting *Chao*, 498 F. Supp. 2d at 1037). In exercising this discretion, district courts are to consider the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id*. In addition, district courts should also "consider the extent to which the defendant's fifth amendment rights are implicated." *Id.* (quoting *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324 (9th Cir. 1995) and *Fed. Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989)). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* at 627–28 (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)). "The most important factor is the balance of the hardships, but '[t]he district

court must also consider whether granting the stay will further the interest in economical use of judicial time and resources.'" *Id.* (quoting *Int'l Bhd. of Elec. Workers v. AT & T Network Sys.*, No. 88–3895, 879 F.2d 864, 1989 WL 78212, at *8 (6th Cir. Jul. 17, 1989)).

Consideration of these factors leads the Court to conclude that a stay of proceedings as to Defendant Yoav Kapah only is appropriate. First, criminal charges are already pending against Kapah and the criminal and civil proceedings overlap completely. Additionally, Kapah has indicated his intention to refuse to respond to any discovery requests in this action on Fifth Amendment grounds, so a stay as to Kapah would not make a practical difference to ArmorSource's ability to build its case—Kapah will not participate in discovery until the criminal proceedings are resolved, with or without a stay. Further, the Licking County docket reflects that Kapah has already submitted a Notice of Intent to Enter Plea of Guilty and that his Change of Plea Hearing and Sentencing is currently scheduled for March 29, 2019.[1] Therefore, it appears the stay will not be lengthy and ArmorSource will not be materially delayed in seeking discovery from Kapah. At the same time, given the relatively large number of other defendants who have no criminal proceedings pending or impending, it makes sense for ArmorSource to continue its discovery efforts as to the remaining defendants rather than staying the entire case. In sum, this action is **STAYED** as to Defendant Yoav Kapah only pending resolution of the criminal proceedings against him in the Licking County Court of Common Pleas.

## II. ARMORSOURCE'S MOTION FOR DEFAULT JUDGMENT

Defendant Ramona Sockerson was served with the original Complaint on October 25, 2018. (Doc. 28, Summons Returned Executed). A copy of the Amended Complaint was mailed to Sockerson on November 12, 2018. (Doc. 31, Am. Compl. at 31). As a result, Sockerson's

---

[1] Federal courts may take judicial notice of proceedings in other courts of record. *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999).

response to the Amended Complaint was due no later than November 26, 2018. Fed. R. Civ. P. 15(a)(3). After she failed to respond to the Amended Complaint, ArmorSource applied for, and the Clerk entered, an entry of default against Sockerson. (Docs. 52, 55). Sockerson still not having responded to the Amended Complaint or otherwise entered an appearance, ArmorSource moved for default judgment against Sockerson on January 17, 2019. (Doc. 66).

In its motion, ArmorSource requested the Court immediately enter judgment against Sockerson in the amount of $182,628.25, plus pre- and post-judgment interest, which ArmorSource alleges is the "sum certain" related to Sockerson's participation in the scheme to defraud ArmorSource. (Doc. 66, ArmorSource's Mot. at 3–5). ArmorSource also seeks a hearing on additional damages related to Sockerson's conversion, civil theft, and fraud, for which ArmorSource seeks punitive and treble damages. (*Id.* at 5–6). Defendant Daily Services LLC d/b/a iforce filed an opposition brief arguing that any damages award should wait until resolution of claims against all defendants. (Doc. 71).

"An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F. Supp. 944, 950 (N.D. Ind. 1975)). "When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Id.* (quoting *Exquisite Form Ind., Inc. v. Exquisite Fabrics of London,* 378 F. Supp. 403, 416 (S.D.N.Y.1974)). *See also Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc.*, No. 5:09CV847, 2010 WL 1655536, at *1 (N.D. Ohio Apr. 22, 2010) (citing *Kimberly v. Coastline Coal Corp.,* 857 F.2d 1474, 1988 WL 93305, at *3 (6th Cir.1988) (table)). It would be particularly problematic to enter judgment against Sockerson at this time because

4

ArmorSource's claims against her are alleged jointly against Sockerson and numerous other defendants. Because the non-defaulting defendants have the opportunity to defend against these claims, entry of default judgment against Sockerson at this time would create a risk of inconsistent judgments.

In sum, the Court finds that the most prudent course of action is to keep the entry of default against Sockerson in place, but to delay judgment against Sockerson until the claims against her co-defendants have been resolved. Accordingly, ArmorSource's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE** to renewal following resolution of the claims against the remaining defendants.

### III. CONCLUSION

For the foregoing reasons, Kapah's Motion to Stay (Doc. 24) is **GRANTED IN PART** in that this action is **STAYED** as to Defendant Yoav Kapah only pending resolution of the criminal proceedings against him in the Licking County Court of Common Pleas; all other aspects of this action will proceed. Further, ArmorSource's Motion for Default Judgment against Sockerson (Doc. 66) is **DENIED WITHOUT PREJUDICE** to renewal following resolution of the claims against the remaining defendants.

The Clerk shall remove Documents 24 and 66 from the Court's pending motions list.

**IT IS SO ORDERED.**

  */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**