UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ARMORSOURCE, LLC,

  Plaintiff, : Case No. 2:18-cv-905

  -vs-                                      Judge Sarah D. Morrison
                                            Magistrate Judge Chelsey M. Vascura
YOAV KAPAH, *et al.*,
                                           :

  Defendants.

## **OPINION AND ORDER**

This matter is before the Court upon three Motions to Strike filed by Defendants Daily Services, LLC (ECF No. 120), M4 Consulting, LLC, and Paul Garcia (ECF No. 122), and Pro-Systems USA, LLC, Pro-Systems SpA, and Dott Fabrizio Montagna (ECF Nos. 128, 133). For the following reasons, Defendants' Motions are **DENIED**.

## I.   BACKGROUND

ArmorSource, LLC ("Plaintiff") is an Ohio company that develops, manufactures, and supplies advanced ballistic helmets for military personnel and law enforcement (Second Amend. Compl., ¶ 19, ECF No. 94). It was founded in 2008 by Larry Dickinson and Donald Blake. (*Id.* ¶ 20). After Mr. Dickinson passed away, the Plaintiff's Board appointed Defendant Yoav Kapah as President and Chief Executive Officer ("CEO"). (*Id.* ¶ 22).

Plaintiff alleges that beginning in 2011, Mr. Kapah "engaged in a massive theft and fraud" against Plaintiff in coordination and with the aid and assistance of each named Defendant in the Second Amended Complaint. (*Id.* ¶ 23). Generally, Plaintiff claims that Mr. Kapah used his position to avoid safeguards and oversight from Plaintiff's management team, "which allowed him to seek reimbursement for personal activities and expenses unrelated to

1

ArmorSource's business and to coordinate with the other named Defendants to steal from and defraud ArmorSource." (*Id.* ¶ 24). Plaintiff also alleges that "by falsifying invoices, receipts, and other documents, [Mr.] Kapah and the other named Defendants entered into several arrangements that had the appearance of legitimate business transactions but were actually illicit schemes to funnel money from ArmorSource to the personal accounts of [Mr.] Kapah and the other named Defendants." (*Id.* ¶ 25). Plaintiff did not begin to uncover this "enterprise" to steal from and defraud Plaintiff until March 2017. (*Id.* ¶ 26). Plaintiff terminated Mr. Kapah on July 11, 2017. (*Id.* ¶ 84).

Plaintiff filed its First Amended Complaint on November 12, 2018. (ECF No. 31). On March 5, 2019, the Court stayed the case against Defendant Yoav Kapah, pending resolution of his criminal case in the Licking County Court of Common Pleas, *State of Ohio v. Kapah*, Case No. 2018CR00133. (ECF No. 90). On March 19, 2019, Plaintiff filed its Second Amended Complaint, alleging the following claims: (1) conversion as to all Defendants except Luna Kapah; (2) breach of fiduciary duty as to Mr. Kapah; (3) civil theft as to all Defendants except Ms. Kapah; (4) fraud as to all Defendants; (5) conspiracy as to Mr. Kapah, Daily Services, LLC dba iforce, Chad Postell, and Ramona Sockerson; (6) conspiracy as to Pro-Systems USA, LLC, Pro-Systems SpA, Dott Fabrizio Montagna, and Ballistics Sciences, LLC; (7) conspiracy as to Mr. Kapah, Mr. Garcia, and M4; (8) Racketeer Influenced and Corrupt Organizations ("RICO") as to all Defendants; and (9) punitive damages as to all Defendants.

On April 17, 2019, Plaintiff and Pro-Systems USA, LLC, Pro-Systems SpA, and Dott Fabrizio Montagna (hereafter referred to collectively as the "Pro-Systems Defendants") filed a stipulation of dismissal with prejudice. (ECF No. 108). On May 23, Mr. Kapah pled guilty in his Licking County criminal case, and was sentenced to four years and nine months imprisonment

and ordered to pay $1.7 million in restitution. (*See* ECF No. 124). On May 28, Plaintiff filed a consent judgment signed by Plaintiff and Mr. Kapah, which included an affidavit executed by Mr. Kapah. (ECF No. 118). The next day, Daily Services filed a Motion to Strike the Consent Judgment. (ECF No. 120). On May 31, Mr. Garcia and M4 joined in Daily Services' Motion. (ECF No. 122). On June 26, the Pro-Systems Defendants also filed a Motion to Strike. (ECF Nos. 128, 133). Plaintiff responded to each Motion (ECF Nos. 124, 136, 137) and Daily Services filed a Reply (ECF No. 127). The matter is now ripe for review.

## II. ANALYSIS

Defendants Daily Services, Mr. Garcia, and M4 move to strike the Consent Judgement because it was "improperly filed and it inappropriately purports to function as much more than a consent judgment." (Def. Motion, 1, ECF No. 120) They argue that Plaintiff never filed a motion seeking court approval of the Consent Judgment, and the Consent Judgment is improper because it requires the Court to incorporate an affidavit executed by Mr. Kapah as its "findings of fact." (*See* ECF No. 118). Mr. Garcia and M4 also claim that there is no legal authority for Plaintiff "to make such a filing." (Defs. Motion, 2, ECF No. 122). Additionally, the Pro-Systems Defendants (now terminated from the action) contend that Mr. Kapah's attached affidavit violates an agreement reached with Plaintiff.

Courts have the authority to authorize consent judgments between parties pursuant to Fed. R. Civ. P. 41(a). *See Static Control Components, Inc. v. Lexmark Int'l Inc.*, Nos. 5:02-571, 5:04-84, 2007 U.S. Dist. LEXIS 104348, at *23 (E.D. Ky. May 11, 2007). A consent judgment is a settlement agreement that "is a hybrid of a contract and a judicial act." *Univ. Settlements Int'l, Inc. v. Nat'l Viatical, Inc*., 568 Fed. Appx. 398, 404 (6th Cir. 2014). "It mirrors a contract in that it reflects an agreement by the parties, and it is a judicial act because it places the power

and prestige of the court behind the compromise struck by the parties." *Id.* (internal quotations). However, "it is the agreement of the parties, rather than the force of law upon which the complaint was originally based, that creates the obligations embodied in a consent decree." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 522 (1986)

As an initial matter, the Consent Judgment tendered by Plaintiff and Mr. Kapah was never signed by this Court. (*See* 3, ECF No. 118). Thus, at this juncture, there is no valid consent decree for the Court to strike. Regardless, the Court agrees with Defendants that Plaintiff should have formally moved the Court to approve the Consent Judgment rather than filing it as a Notice; non-parties should be afforded the opportunity to be heard on whether to approve it. *Local No. 93*, 478 U.S. at 529; *McGoldrick v. Bradstreet*, 397 F. Supp. 3d 1093, 1096 (S.D. Ohio 2019). Because that objective has been accomplished through Defendants' Motions to Strike, the Court declines to punish Plaintiff for a procedural defect. Instead, the Court now examines the substance of the Consent Judgment in light of Defendants' objections.

The Consent Judgment at issue purports to act as a settlement agreement between Plaintiff and Mr. Kapah only. While the claims involving other Defendants in the litigation may overlap, it imposes no legal duties or obligations on Defendants, nor does it attempt to resolve any claims between Plaintiff and any non-settling Defendants or non-signatories. *Static Control Components,* 2007 U.S. Dist. LEXIS 104348, at *16 ("Consent judgments operate as res judicata only as to the claims between the parties to the consent judgment and ordinarily do not impact the rights of non-parties to the agreement, even if they are parties to the underlying litigation."). The only substantive difference between Plaintiff and Mr. Kapah reaching their own private settlement agreement and requesting the Court sign off on a public consent judgment is the

4

"[c]ourts have an obligation to protect the integrity of the [consent] decree with its contempt powers." *Univ. Settlements*, 568 Fed. Appx. at 404 (internal quotations omitted); *see also Williams v. Yukovich*, 720 F.2d 909, 920 (6th Cir. 1983) ("A consent decree is essentially a settlement agreement subject to continued judicial policing.").

The Court disagrees that the affidavit attached to the Consent Judgment acts to breach the agreement between Plaintiff and the Pro-Systems Defendants[1] or otherwise prejudices Defendants ability to effectively litigate this case going forward. The Consent Judgment specifically articulates that Mr. Kapah's affidavit is incorporated as the Court's findings of fact "*for the purposes of this Consent Judgment.*" (¶ 2, ECF No. 118) (emphasis added). "[T]he central characteristic of a consent judgment is that the court has not actually resolved the substance of the issues presented. . . . Any findings made as part of the approval process *go to the reasonableness of the settlement, not the merits of the dispute.*" Wright & Miller, 18A Fed. Prac. & Proc. Juris. 3d § 4443 (2019) (emphasis added). Defendants point to no legal support for the position that they must be allowed "to engage in fact finding and cross examination of Yoav Kapah" before the Court can approve the Consent Judgment. (Def. Motion, 2, ECF No. 120). To the extent that Defendants contest the admissibility of Mr. Kapah's affidavit in an evidentiary context, that issue will be addressed if and when it becomes necessary. This Order is limited to considering whether the Consent Judgment may be entered by the Court.

As the Fifth Circuit explained, "[u]nless the [defendant] can demonstrate that it has been ordered to take some action by the decree, or ordered not to take some action, or that its rights or legitimate interests have otherwise been affected, it has no right to prevent the other parties and

---

[1] The Court has carefully reviewed the Pro-Systems Defendants' Motion filed under seal. (ECF No. 128).

the Court from signing the decree." *United States v. City of Miami*, 614 F.2d 1322, 1329 (5th Cir. 1980); *see also Mote v. City of Chelsea*, 252 F. Supp. 3d 642, 657 (E.D. Mich. 2017) (finding that the county's "vaguely allud[ed] to fears" that the consent judgment "may impair its ability to defend the claims against itself" while offering no factual or legal basis for such concerns were not a sufficient basis for the court to refuse the consent decree between the plaintiffs and the city). Defendants have not made any such demonstration here. Accordingly, the Court finds no valid reason to refuse to authorize the proposed Consent Judgment between Plaintiff and Mr. Kapah.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motions to Strike are **DENIED** (ECF Nos. 120, 122, 128, 133). For purposes of approving the Consent Judgment, the stay as to Mr. Kapah is lifted. (ECF No. 90). Plaintiff is directed to submit a copy of the Consent Judgment in Word format to morrison_chambers@ohsd.uscourts.gov for the Court's signature and subsequent docketing.

**IT IS SO ORDERED**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE